**EVERGROW INDUSTRIAL CO., INC.,** a California Corporation; **His & Her Hair Goods, Co., a California Corporation, Plaintiffs—Appellants,**

v.

**THE TRAVELERS INSURANCE COMPANY, a Connecticut Corporation; Hartford Insurance Company of the Midwest, an Indiana Corporation, Defendants—Appellees.**

No. 01–55617.

D.C. No. CV–00–00592–DOC.

United States Court of Appeals,
Ninth Circuit.

Submitted June 7, 2002.\*

Decided June 11, 2002.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, RYMER, and THOMAS, Circuit Judges.

### MEMORANDUM **

· ■ Evergrow Industrial Co., Inc. and His & Her Hair Goods Co. (collectively "Evergrow") appeal the district court's dismissal for failure to state a claim of their complaint alleging that the Travelers Insurance Company ("Travelers") and Hartford Insurance Company of the Midwest ("Hartford") (collectively "insurers") breached their contractual obligations and violated their duty of good faith and fair dealing by refusing to defend and indemnify Evergrow. We have jurisdiction pursuant to 28 U.S.C. § 1291,[1] and we affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

### I

An insurer breaches its insurance contract if it withholds benefits due under the contract. *Love v. Fire Ins. Exch.*, 221 Cal.App.3d 1136, 271 Cal.Rptr. 246, 255 n. 10 (Ct.App.1990). An insurer has a duty to defend against lawsuits brought against its insured that potentially seek covered damages; an insurer has a duty to indemnify its insured when the insured has been found liable for damages actually covered by the policy. *Collin v. Am. Empire Ins. Co.*, 21 Cal.App.4th 787, 26 Cal.Rptr.2d 391, 399 (Ct.App.1994). The insured has the burden of establishing that the underlying suit raises claims that are potentially covered by the insurance policy. *Id.* at 398; *Royal Globe Ins. Co. v. Whitaker*, 181 Cal.App.3d 532, 226 Cal.Rptr. 435, 437 (Ct. App.1986). Thus, in order for Evergrow to establish the insurers are liable for breach of contract, Evergrow must establish that the underlying action raised claims that were covered or potentially covered by the policy. The interpretation of the terms of an insurance policy is a question of law. *Waller v. Truck Ins. Exch., Inc.*, 11 Cal.4th 1, 44 Cal.Rptr.2d 370, 900 P.2d 619, 627 (Cal.1995).

■ The claim that Evergrow interfered with Hollywood at the El Rey's ("El Rey") easement is covered or potentially covered by the policy only if the El Rey claimed an injury "arising out of . . . [t]he wrongful eviction from, wrongful entry into or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies by or on behalf of its owner, landlord or lessor." Under California law, the clause "invasion of the

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Although Evergrow's notice of appeal was filed more than 30 days after the entry of judgment in Travelers' favor, it was filed within 30 days of the entry of judgment in Hartford's favor. Since an order granting "a motion to dismiss does not become a final appealable order within the meaning of 28 U.S.C. § 1291, until a district court order disposes of all claims against all parties or a Rule 54(b) certification has been obtained," *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 923 (9th Cir.2001), Evergrow's appeal is timely.

right of private occupancy" requires interference with an enforceable possessory interest in real property and not just an interference with the use or enjoyment of real property. *See Zelda, Inc. v. Northland Ins. Co.,* 56 Cal.App.4th 1252, 66 Cal. Rptr.2d 356, 364 (Ct.App.1997) ("[I]n [the] context of personal injury provisions of [an] insurance policy, '[o]ccupancy' means having possession, which in turn, requires having control.") (internal quotation marks omitted); *Nichols v. Great Am. Ins. Cos.,* 169 Cal.App.3d 766, 215 Cal.Rptr. 416, 421 (Ct.App.1985) (" 'Occupancy' ordinarily refers to 'the taking and holding possession of real property under a lease or tenancy at will.' "). However, Evergrow could not have interfered with the El Rey's possessory interest, because "an easement is a *nonpossessory* interest in the land of another that gives its owner the right to use the land of another." *Kazi v. State Farm Fire & Cas. Co.,* 24 Cal.4th 871, 103 Cal. Rptr.2d 1, 15 P.3d 223, 229 (Cal.2001) (internal quotation marks omitted) (emphasis added). Therefore, since the El Rey's claim that Evergrow interfered with its easement rights cannot be a claim that Evergrow invaded El Rey's "right of private occupancy," the insurers had no duty to defend and indemnify Evergrow.

## II

"It is clear that if there is no *potential* for coverage and, hence, no duty to defend under the terms of the policy, there can be no action for breach of the implied covenant of good faith and fair dealing because the covenant is based on the contractual relationship between the insured and the insurer." *Waller,* 44 Cal.Rptr.2d 370, 900 P.2d at 639; *see also Love,* 271 Cal.Rptr. at 254–56. When benefits are due an insured, the insurer's behavior violates the covenant if it withholds benefits unreasonably and in bad faith. *Love,* 271 Cal.Rptr. at 255. "Absent that contractual right,

however, the implied covenant has nothing upon which to act as a supplement, and 'should not be endowed with an existence independent of its contractual underpinnings.' " *Waller,* 44 Cal.Rptr.2d 370, 900 P.2d at 639 (quoting *Love,* 271 Cal.Rptr. at 256). Because no benefits were due to Evergrow under the policies, the insurers did not breach the covenant of good faith and fair dealing by refusing to defend or indemnify Evergrow.

AFFIRMED.